Seawell, J.
delivered the judgment of the court.
The question which presents itself on this demurrer, is, whether the limitation in the deed to the children of John Carraway the younger, can be sustained? And this leads us to enquire, what were the nature of the estates John the younger and his children severally were to take under the limitations in this deed?
*101 As to the estate given to John, it has been properly admitted, throughout the argument, to have been purely legal; whilst it has been insisted on, that on his death this same estate became vested in his heirs, who were bound to make division amongst the children: and that nothing is limited to the children but an use—and the order in which “heirs” and “children” stand in the deed, has been relied on as evidence of this intention.
If it were not for a succeeding part of the deed, there might be force in the argument; but that part, by way of specifying the interests which the several parties were to derive, explicitly states, “ that the said John Carraway, jun. is to use the said slave as his own property, not to sell her, but for his heirs to use, sell, &c. without any hindrance, &c. from my heirs, or any persons whatsoever." It is then evident, that the maker of the deed, intended by “ heirs,” children; and as he must be understood so, in this part of the deed, it furnishes at least an answer to the argument insisted on.
The last limitation is then precisely of the same nature with the first. The property itself is wholly given to the children, under the appellation of “ heirs,” who are to dispose of it as they please, without any accountability; which can only be done by a legal owner. The deed then, contemplates the passing two legal estates, one to succeed the other; and is nothing less than the gift of chattels to John Carraway, jun. for life,—remainder to his children. This the law has forbidden, the last limitation being contrary to law.
The demurrer must be sustained and the bill dismissed with costs.